PHILIP KALIN v. ISADOR KALBERMAN ET AL.

SUPERIOR COURT    NEW HAVEN COUNTY    FILE No. 65894

Memorandum filed January 30, 1952.

*Pouzzner, Hadden, Kopkind & Hadden*, of New Haven, for the Plaintiff.

*Gumbart, Corbin, Tyler & Cooper*, of New Haven, for the Defendants.

COMLEY, J. This case, which was more than five years old, was stricken from the docket in May, 1951. On June 15, 1951, at the same term of court, the judgment of discontinuance was reopened and the case restored to the docket on condition that it be disposed of by December 1, 1951. That date has passed without any disposition of the case.

The first question is whether the case was automatically discontinued on December 1, 1951, by reason of the order of June 15, 1951, providing for its restoration to the docket upon condition. The answer must be in the negative. While it was undoubtedly within the power of the court to make the conditional order of June 15, the mere breach of the condition on December 1 did not result in an automatic judgment of discontinuance on the latter date. When that date passed with the condition unfulfilled, it then lay within the power of the court to entertain the motion, now made by the defendants, for a final judgment of discontinuance. The ruling on the motion rests within the discretion of the trial court. If it appeared that the plaintiff's failure to meet the condition arose out of some lack of diligence on his part, the motion would be granted. Such is not the case. The court can and will take judicial notice of the fact that the state of the jury trial list in New Haven County is such that the plaintiff has had no reasonable opportunity to dispose of the case upon the conditions imposed by the court in its order of June 15, 1951. Therefore, the defendants' motion that the case be stricken from the docket by a final and formal judgment of discontinuance is denied.

The plaintiff has moved that the order of the court restoring the case conditionally to the docket be reopened and that the date fixed in that order be advanced to December 1, 1952. This motion is granted to the extent that the order is set aside and the provision therein for disposition by December 1, 1951, is set aside. This can be done, for the order was not a final judgment and may be reopened at any time. However, the plaintiff should not be granted an extension to December 1, 1952. The case should be, and is, continued on the docket without condition as to time of disposition. Under the rules it will be discontinued

at the annual call of the docket in May, 1952, unless the plaintiff can, at that term of court, obtain its restoration either unconditionally or upon such terms as the court shall then see fit to impose.

The defendants' motion to strike from the docket is denied; the plaintiff's motion is granted to the extent that the order of June 15, 1951, is reopened and modified to the extent that the condition requiring disposition of the case by December 1, 1951, is stricken therefrom.